UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FRANKLIN HARRISON MAJOR, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CONDUENT BUSINESS SERVICES, LLC, )<br>COMERICA, INC., COMERCIA BANK, )<br>DIRECT EXPRESS PAYMENT PROCESSING, )<br>)<br>    Defendants. ) | No. 3:23-CV-19-CLC-JEM |

## ORDER TO SHOW CAUSE

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint for Violation of Civil Rights [Doc. 5][1] and his Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 4]. For the reasons more fully stated below, the Court **HOLDS IN ABEYANCE** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 4**].

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter,

---

[1] Plaintiff filed a Complaint on January 3, 2023 [Doc. 1] and filed another Complaint [Doc. 5] on January 17, 2023. While Plaintiff's January 17 Complaint supersedes his January 3 Complaint, *Parry v. Mohawk Motors of Mich.*, Inc., 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading), in light of Plaintiff's pro se status, the Court has reviewed both Complaints.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A. **Summary of the Complaint**

Plaintiff's action asserts violations of the Electronic Funds Transfer Act ("EFTA") and breach of contract [Doc. 5 p. 9]. In January 2022, Plaintiff contacted Direct Express Payment Processing Services ("Direct Express") to withdraw money from his account, but Direct Express stated that the information he entered was incorrect [*Id*. at 3–4]. Plaintiff requested billing statements from Direct Express and Comerica Bank in January 2022, and they did not send him the statements until April 2022 [*Id*. at 5]. Upon review of the billing statements, Plaintiff discovered numerous fraudulent charges [*Id*. at 5–7].

Plaintiff filed a police report with the Lenoir City Police Department, and as a result of the investigation, Christopher James was convicted for theft of Plaintiff's debit card [*Id*. at 4]. Although Direct Express is aware of the results of the police investigation, it will not allow Plaintiff to access his account [*Id*.]. Plaintiff alleges that Direct Express violated sections six through eight of the card agreement [*Id*. at 4, 9]. Plaintiff reported additional fraudulent charges to Direct Express and Comerica Bank, but they continue to allow these charges and will not let Plaintiff access his funds [*Id*. at 6–8]. Comerica Bank and Direct Express refused to activate a new card or refund the money that was stolen from Plaintiff [*Id*. at 8].

Based on the above, Plaintiff seeks $30,000 in statutory damages, $16,000 in actual damages, and injunctive relief in the form of retuning all fraudulent charges and all charges that Comerica Bank and Direct Express profited [*Id*. at 8, 11].

2

## B. Screening of the Complaint

Congress enacted the EFTA to "protect[] individual consumer rights by 'providing a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.'" *Clemmer v. Key Bank Nat'l Ass'n*, 539 F.3d 349, 351 (6th Cir. 2008) (quoting 15 U.S.C. § 1693(b)). A financial institutional that receives notice of an error in a customer's account must investigate, and if the error indeed occurred, it must correct the error. 15 U.S.C. § 1693f(a)–(b). "[A]n error consists of[] an authorized electronic fund transfer." 15 U.S.C. § 1693f(f)(1). With respect to a breach of contract claim, the plaintiff must allege "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *United Tel. Se., LLC v. Bristol Tenn. Essential Servs.*, No. 2:14-CV-242, 2015 WL 13186245, at *2 (E.D. Tenn. Aug. 5, 2015) (quoting *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. App. 2005)).

While Plaintiff's Complaint alleges wrongdoing by Direct Express and Comerica Bank, he does not make any allegations against Conduent Business Services, LLC and Comerica, Inc. Instead of recommending that these entities be dismissed at this juncture, however, the Court **ORDERS** Plaintiff to show cause **on or before May 24, 2023,** why Comerica, Inc. and Conduent Business Services, LLC should not be dismissed from this lawsuit. To the extent Plaintiff desires to pursue claims against Comerica, Inc. and Conduent Business Services, LLC, Plaintiff **SHALL** file a second amended complaint on or before **May 24, 2023**, and the Court **GRANTS** Plaintiff leave to file an amended Complaint. "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Polite v. VIP Cmty. Servs.*, No. 20-CV-

3

Case 3:23-cv-00019-CLC-JEM   Document 7   Filed 05/03/23   Page 3 of 4   PageID #: 28

7631 (LLS), 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020); *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference).

Plaintiff is **ON NOTICE** that the failure to timely file an amended complaint or to state a claim in the amended complaint may result in the dismissal of defendants or claims. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 4**] is **HELD IN ABEYANCE** pending the Court's review of Plaintiff's amended complaint, should he choose to file one.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge