UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FRANKLIN HARRISON MAJOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:23-CV-19-CLC-JEM |
| v. ) | |
| ) | |
| CONDUENT BUSINESS SERVICES, LLC, ) | |
| COMERICA, INC., COMERICA BANK, ) | |
| DIRECT EXPRESS PAYMENT PROCESSING, ) | |
| ) | |
| Defendants. ) | |

## ORDER & REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 4] and Plaintiff's Complaint for Violation of Civil Rights [Doc. 5].[1] For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 4**]. The Court will therefore allow Plaintiff to file his Complaint without the prepayment of costs. The Court **RECOMMENDS** that the District Judge **DISMISS** the claims against Conduent Business Services, LLC and Comerica, Inc., but allow Plaintiff's claims against the other defendants to proceed.

---

[1] Plaintiff filed a Complaint on January 3, 2023 [Doc. 1] and filed another Complaint [Doc. 5] on January 17, 2023. While Plaintiff's January 17 Complaint supersedes his January 3 Complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading), in light of Plaintiff's pro se status, the Court has reviewed both Complaints.

## I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 4] with the required detailing of his financial condition, and his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2). Plaintiff attests that he is not able to afford the filing fee, and his Certificate shows that his average balance in his inmate account for the last six months was $50.00. The Application and Certificate show that Plaintiff has little income and no assets and is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 4**].

Because Plaintiff is an inmate in the Loudon County Jail, however, he is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Court **DIRECTS** the Clerk to file the Complaint in this case without the prepayment of costs and fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff's action asserts violations of the Electronic Funds Transfer Act ("EFTA") and breach of contract [Doc. 5 p. 9]. In January 2022, Plaintiff contacted Direct Express Payment Processing Services ("Direct Express") to withdraw money from his account, but Direct Express

3

stated that the information he entered was incorrect [*Id*. at 3–4]. Plaintiff requested billing statements from Direct Express and Comerica Bank in January 2022, and they did not send him the statements until April 2022 [*Id*. at 5]. Upon review of the billing statements, Plaintiff discovered numerous fraudulent charges [*Id*. at 5–7].

Plaintiff filed a police report with the Lenoir City Police Department, and as a result of the investigation, Christopher James was convicted for theft of Plaintiff's debit card [*Id*. at 4]. Although Direct Express is aware of the results of the police investigation, it will not allow Plaintiff to access his account [*Id*.]. Plaintiff alleges that Direct Express violated sections six through eight of the card agreement [*Id*. at 4, 9]. Plaintiff reported additional fraudulent charges to Direct Express and Comerica Bank, but they continue to allow these charges and will not let Plaintiff access his funds [*Id*. at 6–8]. Comerica Bank and Direct Express refused to activate a new card or refund the money that was stolen from Plaintiff [*Id*. at 8].

Based on the above, Plaintiff seeks $30,000 in statutory damages, $16,000 in actual damages, and injunctive relief in the form of retuning all fraudulent charges and all charges that Comerica Bank and Direct Express profited [*Id*. at 8, 11].

### B. Screening of the Complaint

Congress enacted the EFTA to "protect[] individual consumer rights by 'providing a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.'" *Clemmer v. Key Bank Nat'l Ass'n*, 539 F.3d 349, 351 (6th Cir. 2008) (quoting 15 U.S.C. § 1693(b)). A financial institutional that receives notice of an error in a customer's account must investigate, and if the error indeed occurred, it must correct the error. 15 U.S.C. § 1693f(a)–(b). "[A]n error consists of[] an authorized electronic fund transfer." 15 U.S.C. § 1693f(f)(1). With respect to a breach of contract claim, the plaintiff must allege "(1) the existence

of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *United Tel. Se., LLC v. Bristol Tenn. Essential Servs.*, No. 2:14-CV-242, 2015 WL 13186245, at *2 (E.D. Tenn. Aug. 5, 2015) (quoting *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. App. 2005)).

While Plaintiff's Complaint alleges wrongdoing by Direct Express and Comerica Bank, he does not make any allegations against Conduent Business Services, LLC and Comerica, Inc. The Court ordered Plaintiff to show cause on or before May 24, 2023, why Comerica, Inc. and Conduent Business Services, LLC should not be dismissed from this lawsuit. Plaintiff failed to respond to the Court's order, and the Court placed him on notice that failure to timely file an amended complaint that includes claims against Comerica, Inc. and Conduent Business Services, LLC would result in dismissal of these defendants. Accordingly, the undersigned recommends that Comerica, Inc. and Conduent Business Services, LLC be dismissed from this case.

### III. CONCLUSION

For the reasons more fully stated above, the undersigned **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 4**]. Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00 as explained above. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[2] because the

---

[2] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

undersigned **RECOMMENDS**[3] that Comerica, Inc. and Conduent Business Services, LLC be **DISMISSED** from this case.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).