UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| FRANKLIN HARRISON MAJOR, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 3:23-CV-19 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| COMERICA BANK *and* DIRECT EXPRESS PAYMENT PROCESSING SERVICE, | ) Magistrate Judge Jill E. McCook |
| *Defendants*. | ) |

# **M E M O R A N D U M**

Plaintiff, Franklin Harrison Major, is a prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action brought under 42 U.S.C. § 1983. (*See* Docs. 4, 5, 8.) Pursuant to the Court's October 18, 2023, Amended Scheduling Order, Plaintiff was required to file a Pretrial Narrative Statement on or before August 15, 2024. (Doc. 29 ¶ 6(c).) That deadline has passed, and Plaintiff has not complied. The Amended Scheduling Order expressly notified Plaintiff "that failure to file a Pretrial Narrative Statement as required by this Order may result in the dismissal of Plaintiff's complaint for failure to prosecute the case and failure to comply with the orders of this Court" under Rule 41(b) of the Federal Rule of Civil Procedure. (*Id.*)

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Rogers v. City of Warren*, 302 F. App'x. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

First, Plaintiff's failure to timely comply with the Court's Amended Scheduling Order was due to Plaintiff's willfulness or fault. Plaintiff has chosen not to comply with the Court's Order or seek an extension of time to do so. Second, the Court finds Plaintiff's failure to comply with the Order has prejudiced Defendants because they have expended time and resources defending this action which Plaintiff has now apparently abandoned. (*See, e.g.*, Docs. 32, 33, 36, 46.) Third, the Amended Scheduling Order expressly warned Plaintiff that a failure to submit his Pretrial Narrative Statement could result in the dismissal of this action. (Doc. 29 ¶ 6(c).) Finally, the Court concludes that alternative, less drastic sanctions are not warranted because Plaintiff is representing himself in this action, he would be unable to pay a monetary sanction based on his pauper status, and he has failed to comply with the clear instruction of this Court.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's *pro se* status did not prevent him from complying with the Court's Amended Scheduling Order, and Plaintiff's *pro se* status does not mitigate the balancing of the Rule 41(b) factors.

Accordingly, this action will be **DISMISSED** for failure to prosecute and to comply with the Court's Amended Scheduling Order.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**